**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALICIA CARR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-1474-BH** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pursuant to the consent of the parties and the order of transfer dated September 30, 2010, this case has been reassigned for the conduct of all further proceedings.  Before the Court is *Motion and Incorporated Brief for Attorney Fees and Court Costs under the Equal Access to Justice Act*, filed July 20, 2011 (docs. 30 & 31).  Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED** in part.

## I.   BACKGROUND

On July 27, 2010, plaintiff Alicia Carr (Plaintiff) filed a complaint seeking reversal and remand of the Commissioner's decision denying her disability benefits under Title XVI of the Social Security Act.  Attorney Cheryl Langston (Counsel) represented her and rendered legal services with assistance from a third year law student, Jacqueline Morgan (the Law Clerk), who was not licensed to practice law at the time she performed her work.  On April 21, 2011, the Court entered judgment, reversing and remanding the case for further proceedings.

On July 20, 2011, Plaintiff filed this motion for attorney's fees and costs[1] under the Equal

---

[1] Plaintiff does not request any costs or expenses in this case.  (Mot. Br. at 5.)

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking an award of $6,572.59 for a total of

56.15 hours of legal services rendered.   The requested fee represents 9.05 hours of worked

performed by Counsel at an hourly rate of $169.38, and 47.10 hours of work performed by the Law

Clerk at an hourly rate of $107.00.   On August 9, 2011, the Commissioner filed his opposition to

Plaintiff's motion for attorney's fees.   He does not object to Plaintiff's entitlement to, or the

reasonableness of, the hours expended, but objects that Plaintiff has not provided sufficient evidence

of the market rate for unlicensed law students or law clerks in this district.   He contends that an

hourly rate of $60.00 is a reasonable reimbursement for the Law Clerk's services.

## II.   ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if: (1) the claimant

is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3)

there are no special circumstances making the award unjust.   28 U.S.C. § 2412(d)(1)(A); *Sims v.*

*Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001).   An EAJA award is not limited to a particular amount,

but is determined by multiplying the time expended by the attorney's hourly rate, "capped in the

mine run of cases at $125 per hour."  *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011)

(citing 28 U.S.C. § 2412(d)(1)(B) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).   An award

of attorney's fees under the EAJA must be reasonable.  *See* 28 U.S.C. § 2412(b).   The fee applicant

must demonstrate that the hours claimed were reasonably expended on the prevailing claim.  *Von*

*Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F.Supp. 2d 601, 616 (N.D.

Tex. 2000).   The fee applicant must also produce satisfactory evidence that the requested rates are

in line with prevailing market rates for the kind and quality of the services furnished.  *See* 28 U.S.C.

§ 2412(b); *Duhe v. Social Sec. Admin.*, 2001 WL 839021, at *1 (E.D. La. July 23, 2001).

As noted, Plaintiff's entitlement to attorney's fees or the reasonableness of the number of hours expended is not disputed.  It is also undisputed that a prevailing party may recover hours billed by a law clerk, or a law school graduate not yet admitted to the bar at the prevailing market rate for such services.  *See JGB Enters., Inc. v. United States*, 83 Fed. Cl. 20, 31-32 (Fed. Cl. 2008) (citing *Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571 (2008)).  At issue here is the hourly rate that Plaintiff may reasonably charge for an unlicensed law clerk who has contributed to the attorney's work product by preparing a statement of facts and procedural history, summarizing the administrative proceedings and medical records, conducting legal research, and drafting arguments for multiple briefs.

The Commissioner argues that an hourly rate of $60.00 is reasonable for work performed by the Law Clerk.  He relies on *Gonzalez v. Astrue*, Civil Action No. EP-10-CV-348-RPM (W.D. Tex. July 24, 2011) which found an hourly rate of $60.00 reasonable for work performed by this same law clerk.  Plaintiff acknowledges that the Law Clerk has been awarded an hourly rate of $60.00 and $75.00 in other cases but contends that she is entitled to a rate of $107.00 for the Law Clerk's work. *See id.* (finding $60.00 rate reasonable for the Law Clerk); *Vargas v. Astrue*, Civil Action No, EP-CV-0254-NJG (W.D. Tex. Aug. 9, 2011) (approving rate of $75.00 per hour for the Law Clerk). She argues that *Gonzalez* relied on a 2000 case awarding a rate of $60.00 for a paralegal, without taking into account the consumer price index.[2] *See Sandoval*, 86 F.Supp.2d at 617 (awarding $60.00 per hour for paralegal services).  She also argues that  a 2010 Compensation Survey by the State Bar of Texas Legal Assistant Division shows that the median hourly rate in Texas is $107.00 per hour

---

[2]  Plaintiff explains that given the consumer price index (CPI), an hourly rate of $60.00 in 2000 is equivalent to an hourly rate of $73.45.  She achieves this result by multiplying the percentage increase from the 2000 CPI of 164.7 and the 2010 CPI of 201.62 with the 2000 hourly rate of $60.00 per hour (22.42% x 60 = 13.45), and then adding the resulting increase to the 2000 hourly rate (60 + 13.45 = 73.45).

while the median hourly rate in the Dallas-Fort Worth-Arlington region is $118.00 per hour. Finally, she cites case law to support her position that the requested rate of $107.00 falls well within the range of hourly rates determined reasonable for work performed by law clerks.  *See Jones v. White*, 2007 WL 2427976, at *3 (S.D. Tex. Aug. 22, 2007) (finding hourly rates of $90.00 to $135.00 reasonable for law clerks who were second and third-year law students).

Upon careful consideration of the 2010 Compensation Survey and the relevant case law, the Court finds that a rate of $75.00 per hour is reasonable for the Law Clerk's work in this case.  *See Vargas v. Astrue*, Civil Action No, EP-CV-0254-NJG (W.D. Tex. Aug. 9, 2011) (approving $75.00 hourly rate for the Law Clerk, and summarizing recent cases in this circuit awarding between $55.00 and $75.00 for law clerk and paralegal work in social security cases).  None of the cases in this circuit that have awarded higher attorney's fees for law clerks and paralegals were in the area of social security law, and Plaintiff has not shown that the nature of the work performed in those cases is similar or analogous to the work performed in this fairly routine social security case.  *See Jones*, 2007 WL 2427976, at *3 (hourly rates of $90.00 to $135.00 were reasonable for law clerks who were second and third-year law students *given the nature of the case* and the experience of the law clerks); *Landmark Am. Ins. Co. v. Ray*, 2006 WL 4092436, at *3 (W.D. Tex. Dec. 21, 2006) (approving $100.00 per hour for law clerk); *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611, at *9 (N.D. Tex. Dec. 11, 2003) (approving $75.00 to $125.00 per hour for law clerks); *Cope v. Duggins*, 203 F.Supp.2d 650, 651 (E.D. La. 2002) (approving $85.00 rate for law clerk).

Plaintiff is awarded $5,065.39 in attorney's fees as follows:

|  | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| **Counsel** | 9.05 | 169.38 | 1,532.89 |

| **Law Clerk** | 47.10 | 75.00 | 3,532.50 |
|---|---|---|---|
| | | | $5,065.39 |

### III.  CONCLUSION

Plaintiff's motion for attorney fees is **GRANTED**, in part, and Plaintiff is awarded attorney's

fees in the amount of $5,065.39.[3]

**SO ORDERED**, on this 28th day of November, 2011.


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]  The Supreme Court has recently held that EAJA awards must be paid directly to the prevailing party, not her attorney. *See Astrue v. Ratliff*,130 S.Ct. 2521, 2525-26 (2010); *Hayes v. Astrue*, 2011 WL 9049, at *1 (N.D. Tex. Jan. 3, 2011). Plaintiff requests that the attorney fees be paid to her, in care of Counsel, and that the payment be mailed directly to Counsel's address in Dallas.  Whether the Commissioner should award fees to Plaintiff directly or in care of her counsel is a matter best left to the Commissioner's discretion.  *See Barry v. Astrue*, 2011 WL 855644, at *2 (D. Ariz. Mar. 10, 2011).